Filed 11/17/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re | B319925 |
| CHRISTOPHER T. HICKS, JR., | (Los Angeles County Super. Ct. No. KA114437) |
| on | |
| Habeas Corpus. | |

ORIGINAL PROCEEDING; petition for writ of habeas corpus. Juan Carlos Dominguez, Judge. Petition denied.

Marilee Marshall, under appointment by the Court of Appeal, for Petitioner.

Rob Bonta, Attorney General, Sara J. Romano, Senior Assistant Attorney General, Amanda J. Murray, Supervising Deputy Attorney General, and Charles Chung, Deputy Attorney General, for Respondent.

————————————————

Petitioner Christopher T. Hicks, Jr. is currently serving a sentence on two counts of burglary and one count of robbery. He seeks early parole consideration under article I, section 32, subdivision (a)(1) of the California Constitution (hereafter section 32(a)(1)). The issues presented by this petition for writ of habeas corpus are: (1) whether an inmate with convictions for violent as well as nonviolent felonies is eligible for early parole consideration under section 32(a)(1); and (2) whether the California Department of Corrections and Rehabilitation (the Department) abused its rulemaking authority in adopting in 2022 the current version of the regulations that exclude from nonviolent offender early parole consideration an inmate who also stands convicted of a violent felony. (Cal. Code Regs., tit. 15, § 3490, subd. (a)(5) (hereafter 15 CCR § 3490).)[1] We conclude the Department's regulation constitutes a valid exercise of the Department's rulemaking authority consistent with section 32, subdivisions (a)(1) and (b), and the Department properly determined that petitioner does not qualify for early parole consideration under section 32(a)(1) based on his violent felony conviction. We therefore deny the petition for writ of habeas corpus.

## PROCEDURAL HISTORY

Petitioner pleaded guilty and was sentenced on one count of first degree burglary, one count of second degree burglary, one count of second degree robbery, and two counts of receiving stolen property. Petitioner was originally sentenced on August 7, 2017.

---

[1] Unless otherwise indicated, all references to "15 CCR section 3490" are to the current version of the regulation, as amended in 2022.

Following a recall of his sentence on the convictions for receiving stolen property, petitioner was resentenced on September 10, 2020, to a term of 10 years 8 months in state prison. The sentence consisted of four years for the first degree burglary conviction plus a five-year gang enhancement under Penal Code section 186.22, subdivision (b)(1)(B), and consecutive terms of eight months for the second degree burglary and one year for the robbery conviction. According to respondent, petitioner's anticipated release date is in July 2025.

On April 27, 2022, petitioner filed a petition for writ of habeas corpus in this court in which he sought early parole consideration under section 32(a)(1). We summarily denied the petition.

Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court. On June 14, 2023, the California Supreme Court issued the following order: "The Secretary of the Department of Corrections and Rehabilitation is ordered to show cause, returnable before the Court of Appeal, Second Appellate District, Division Two, why petitioner is not entitled to relief based on his claim that he is unconstitutionally being excluded from early parole consideration under section 32, subdivision (a)(1) of article 1 of the California Constitution." We issued an order to show cause, directed the Department to file a return, and granted petitioner's counsel leave to file a traverse.

# DISCUSSION

**The Current Regulation Barring Inmates Convicted and Sentenced for Both Violent and Nonviolent Felonies from Early Parole Consideration Represents a Reasonable Interpretation of Section 32(a)(1) and a Proper Exercise of the Department's Rulemaking Authority Under California Constitution, Article I, Section 32, Subdivision (b)**

### A. *Section 32(a)(1) and the definition of a violent felony*

Proposition 57, approved by the voters in November 2016, added (among other provisions) section 32 to article I of the California Constitution. (*In re Gadlin* (2020) 10 Cal.5th 915, 923; *In re Mohammad* (2022) 12 Cal.5th 518, 527 (*Mohammad*).) Subdivision (a)(1) of section 32 provides that " '[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.' " (*Mohammad*, at p. 527.) "Primary offense" is defined as the "longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." (Cal. Const., art. I, § 32, subd. (a)(1)(A); *Mohammad*, at p. 527; see also 15 CCR § 3490.)

"Violent felony" is a crime or enhancement listed in Penal Code section 667.5, subdivision (c). (15 CCR § 3490, subd. (c); *Mohammad, supra*, 12 Cal.5th at p. 528.) Penal Code section 667.5, subdivision (c)(9) defines "[a]ny robbery" as a violent

felony.[2]  Petitioner thus stands convicted and sentenced for a violent felony—robbery—and for two nonviolent felonies—the two convictions for burglary.  The Department refers to such inmates as "mixed offense inmates," a convention we adopt here.

## B. *California Code of Regulations, title 15, section 3490*

Proposition 57 also directed the Department to adopt regulations to implement early parole consideration for inmates convicted of nonviolent offenses pursuant to section 32.  (Cal. Const., art. I, § 32, subd. (b); *Mohammad, supra,* 12 Cal.5th at pp. 523, 527.)  In accordance with that mandate, the Department promulgated as an emergency regulation section 3490 of the California Code of Regulations, title 15 (operative Apr. 13, 2017 (Register 2017, No. 15)).  Thereafter, the Department amended the regulation in 2018, 2019, and 2022.  The immediate predecessor to the current regulation adopted by the Department "exclude[d] from nonviolent offender early parole consideration any inmate who 'is currently serving a term of incarceration for a "violent felony." ' " (*Mohammad*, at p. 524; see 15 CCR (2019) § 3490, subd. (a)(5).)  In *Mohammad* our Supreme Court upheld this regulation, "conclud[ing] that the Department acted within the authority provided by article I, section 32(b) when it adopted [15 CCR (2019) section 3490, subdivision (a)(5)]." (*Mohammad,* at p. 524; *id.* at p. 537.)

---

[2] Section 667.5, subdivision (c)(21) also defines first degree burglary as a violent felony if another person (other than an accomplice) was present in the residence during the commission of the burglary.  However, the Department concedes that petitioner's first degree burglary conviction does not qualify as a violent felony.

5

**B.** *The California Supreme Court's Decision in* **Mohammad**

The issue in *Mohammad* was "whether Proposition 57 . . . requires [the Department] to provide early parole consideration to individuals currently serving a term of incarceration for a violent felony." (*Mohammad, supra,* 12 Cal.5th at p. 523.)

In *Mohammad*, the inmate had completed the full term of his sentence for the primary offense, a nonviolent felony, and was then serving the term for a violent felony. (*Mohammad, supra*, 12 Cal.5th at p. 525.) The Court of Appeal had found the language of section 32(a)(1) to be clear and unambiguous. (*Id.* at p. 531.) Based on the provision "establishing parole consideration for ' "[a]ny person convicted of a nonviolent felony offense" upon completion of "the full term for his or her primary offense," ' " the Court of Appeal held that the sole requirement for early parole consideration under section 32(a)(1) was conviction of a nonviolent felony. (*Id.* at pp. 525–526.) The Court of Appeal thus concluded that the Department's regulation (15 CCR (2019) § 3490) was incompatible with section 32(a)(1), and that Mohammad was entitled to parole consideration under section 32(a)(1). (*Ibid.*)

Our Supreme Court reversed. Noting "language that seems plain when considered in isolation may be ambiguous when examined within the context of the scheme it implements" (*Mohammad, supra*, 12 Cal.5th at p. 531), the *Mohammad* court found section 32(a)(1) to be ambiguous because it "does not directly state whether an inmate like [Mohammad]—who has nonviolent felony convictions but is currently serving a term of incarceration for a violent felony—would be eligible for early parole consideration" (*id.* at p. 532).

To resolve this ambiguity, the court turned to the Proposition 57 ballot materials presented to the voters. (*Mohammad, supra,* 12 Cal.5th at p. 534.) Based on its "consideration of the constitutional text, the ballot materials, the stated purposes of the initiative, and the Department's discretion to promulgate regulations under the Constitution," the *Mohammad* court concluded that the Department was authorized to promulgate 15 CCR (2019) section 3490, subdivision (a)(5) (*id.* at p. 537), and had reasonably interpreted section 32(a)(1) in determining that inmates currently "serving a term of incarceration for a violent felony should be excluded from early parole consideration" (*id.* at pp. 541–542).

**C. *In resolving the questions left open by the* Mohammad *decision, the current version of 15 CCR section 3490 is a reasonable interpretation of the constitutional language and ballot materials and constitutes a valid exercise of the Department's rulemaking authority***

*1. Unresolved questions following* Mohammad

Although *Mohammad* resolved the ambiguity in section 32(a)(1)'s application to the eligibility for early parole consideration of mixed offense inmates who are currently incarcerated for a violent felony, it left other questions unanswered. Specifically, as noted in the concurring opinion of Justice Liu, *Mohammad* did not decide the issue presented in this case—whether a mixed offense inmate who is not currently serving the sentence on his or her violent felony is entitled to parole consideration under section 32(a)(1). "Consider, for example, an inmate serving a consecutive sentence for a robbery offense with a six-year term and a receiving stolen property offense with a three-year term. The robbery offense is the

7

'primary offense' because it carries 'the longest term of imprisonment imposed by the court for any offense.' (Art. I, § 32(a)(1)(A).) Once the inmate has completed the six-year term for his primary offense of robbery, is he then—for purposes of article I, section 32(a)(1)—currently serving a term for the nonviolent offense of receiving stolen property and thus eligible for early parole consideration, as Justice Robie's view[3] suggests? Or does article I, section 32(a)(1) allow the Department to treat him as currently serving a term for the violent offense throughout the entire nine-year aggregate sentence and find him ineligible for early parole consideration on that basis? [¶] Today's decision does not answer these questions, nor does it address at what point, if any, during Mohammad's consecutive sentence he may become eligible for early parole consideration. These issues await resolution in future cases." (*Mohammad*, at p. 543 (conc. opn. of Liu, J.).)

*2. The 2022 amendment to 15 CCR (2019) section 3490, subdivision (a)(5)*

Effective February 28, 2022, the Department amended 15 CCR (2019) section 3490, subdivision (a)(5) to explicitly exclude mixed offense inmates such as petitioner from early parole consideration.[4] The principal change produced by the

---

[3] *In re Douglas* (2021) 62 Cal.App.5th 726, 738 (conc. opn. of Robie, Acting P. J.), review granted June 16, 2021, S268570.

[4] The current regulation provides that an inmate who "is currently convicted of and is sentenced to a term of incarceration for a 'violent felony,' including a term for which a violent felony sentence was stayed under Penal Code section 654" does not qualify as a nonviolent offender, thus making him or her

8

regulation's amendment was to make the mixed offense inmate's violent felony conviction a disqualifying factor in determining eligibility for early parole consideration under section 32(a)(1). Thus, under the current regulation, the dispositive fact in deciding eligibility for early parole is that the mixed offense inmate currently stands convicted of and sentenced for a violent felony. The inmate does not qualify for early parole under section 32(a)(1) regardless of whether the violent or nonviolent felony conviction is deemed the "primary offense" or whether the inmate is serving a sentence on the violent or nonviolent conviction when applying for parole.[5]

The amended regulation thus addresses the questions raised by Justice Liu that *Mohammad* left unanswered. The only remaining issues are whether the current regulation "is consistent with a reasonable interpretation of [section 32(a)(1)] and the [Proposition 57] ballot materials," and constitutes "a

---

ineligible for early parole consideration under section 32(a)(1). (15 CCR § 3490, subd. (a)(5).)

[5] As illustrated by petitioner's case, one advantage of the current regulation is that it avoids the arbitrariness and guesswork involved in determining which sentence a mixed offense inmate is "currently serving." Originally sentenced on August 7, 2017, with an anticipated release date in July 2025, petitioner has already served the four-year term for his primary offense of first degree burglary. As of November 2023, he may be serving the term for the five-year gang enhancement (which would put him past the release date of July 2025) or he may have already commenced serving the robbery term in light of his anticipated release in July 2025. And neither of these scenarios takes account of the consecutive eight-month term imposed for the second degree burglary.

valid exercise of the Department's rulemaking authority under article I, section 32(b)." (*Mohammad, supra,* 12 Cal.5th at p. 542; *id.* at p. 541.) Accepting, as we must, our Supreme Court's holding in *Mohammad* that section 32(a)(1) is ambiguous as applied to mixed offense inmates, we follow the *Mohammad* court's lead and refer to the ballot materials that were before the voters to resolve these issues. (See *Mohammad, supra,* 12 Cal.5th at p. 534 ["Because the constitutional text provides ' "no definitive answer" ' to the question before us [citations], we consider the materials that were before the voters"].)

3. *The Proposition 57 ballot materials*

The ballot materials for the November 8, 2016 election clearly conveyed to the voters that Proposition 57 would establish "Parole Consideration for Nonviolent Offenders" (Voter Information Guide, Gen. Elec., *supra*, analysis of Prop. 57 by Legis. Analyst, p. 56) and would not authorize early parole consideration for "violent offenders" (Voter Information Guide, Gen. Elec., *supra*, rebuttal to argument against Prop. 57, p. 59).

The official title and summary stated that the relevant provisions of Proposition 57 would "Allow[] parole consideration for persons convicted of nonviolent felonies." (Voter Information Guide, Gen. Elec., *supra,* Official Title and Summary of Prop. 57, p. 54.) The Legislative Analyst explained that the initiative "changes the State Constitution to make individuals who are convicted of 'nonviolent felony' offenses eligible for parole consideration after serving the full prison term for their primary offense." (Voter Information Guide, Gen. Elec., *supra*, analysis of Prop. 57 by Legis. Analyst, p. 56.)

In their argument in favor of the initiative, supporters declared, "parole eligibility in Prop. 57 applies '*only to prisoners*

10

*convicted of non-violent felonies.'* " (Voter Information Guide, Gen. Elec., *supra*, argument in favor of Prop. 57, p. 58, quoting *Brown v. Superior Court* (2016) 63 Cal.4th 335, 352.) Supporters also stressed that the initiative "[k]eeps the most dangerous offenders locked up." (Voter Information Guide, Gen. Elec., *supra*, argument in favor of Prop. 57, p. 58.) In their rebuttal arguments, the proponents asserted that "violent offenders" and "[v]iolent criminals as defined in Penal Code 667.5(c)" would *not* be eligible for early parole. (Voter Information Guide, Gen. Elec., *supra*, rebuttal to argument against Prop. 57, p. 59.) Rather, the rebuttal again emphasized, "parole eligibility under Prop. 57 applies '*only to prisoners convicted of non-violent felonies.*' " (*Ibid.*, quoting *Brown v. Superior Court*, *supra*, 63 Cal.4th at p. 352.)

In *Mohammad,* the court considered and upheld a regulation that specifically barred inmates currently serving terms for a violent felony from section 32(a)(1) early parole. (*Mohammad, supra,* 12 Cal.5th at pp. 541–542.) But the regulation before us is different: It excludes from early parole consideration an inmate who "is currently *convicted* of and is sentenced to a term of incarceration for a 'violent felony,' " even if the sentence on the violent felony conviction was stayed. (15 CCR § 3490, subd. (a)(5), italics added.)

The disagreement between supporters and opponents of Proposition 57 had nothing to do with whether the "primary offense" qualified as a violent or nonviolent felony, or whether a prisoner was currently serving a sentence for a violent or nonviolent felony offense. Instead, as *Mohammad* observed, "the ballot materials focus[ed] on the distinction between inmates convicted of violent felonies and inmates convicted of nonviolent

11

felonies.  For this reason, the opponents and proponents sparred over the scope of the term nonviolent felony." (*Mohammad, supra,* 12 Cal.5th at p. 537.)  Thus, while the initiative's supporters asserted violent felons as defined by Penal Code section 667.5, subdivision (c) would be "excluded from parole" (Voter Information Guide, Gen. Elec., *supra*, rebuttal to argument against Prop. 57, p. 59), opponents took issue with the scope of the term "violent felony," which they suggested was too narrow.  (Voter Information Guide, Gen. Elec., *supra*, rebuttal to argument in favor of Prop. 57, p. 58 & argument against Prop. 57, p. 59 [the initiative "applies to violent criminals" because it "will allow criminals convicted of rape, lewd acts against a child, gang gun crimes and human trafficking to be released early from prison"], capitalization omitted.)

*4. The current regulation is a reasonable interpretation of section 32(a)(1), and thus constitutes a valid exercise of the Department's rulemaking authority*

"Whenever by the express or implied terms of any statute a state agency has authority to adopt regulations to implement, interpret, make specific or otherwise carry out the provisions of the statute, no regulation adopted is valid or effective unless consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose of the statute."  (Gov. Code, § 11342.2; *Mohammad, supra,* 12 Cal.5th at p. 529.)  "Although we are obligated to strike down regulations that alter or amend the constitutional provision or its scope [citations], our role is not to examine the wisdom of the regulations but their legality [citations]." (*Mohammad, supra,* 12 Cal.5th at p. 530.)

We find the current version of section 3490, subdivision (a)(5) of title 15 of the California Code of Regulations to be

consistent with, and reasonably necessary to effectuate the purpose of Proposition 57 and section 32(a)(1).

As set forth above, the ballot materials explicitly stated that early parole consideration would be available only to prisoners convicted of nonviolent felonies, and the initiative would exclude from parole "[v]iolent criminals as defined in Penal Code 667.5(c)." (Voter Information Guide, Gen. Elec., *supra*, rebuttal to argument against Prop. 57, p. 59.) The ballot materials thus make abundantly clear the intent of Proposition 57 to exclude from early parole consideration inmates with violent felony convictions.

*Mohammad* upheld a regulation that, on its face, only barred from early parole consideration under section 32(a)(1) a mixed offense inmate who "is currently serving a term of incarceration for a violent felony." (15 CCR (2019) § 3490, subd. (a)(5); *Mohammad, supra,* 12 Cal.5th at p. 528.) But there is no principled distinction between inmates serving a sentence for a violent felony and inmates who have been convicted of a violent felony but who are not currently serving that sentence. Whether the inmate with a violent felony conviction has served, is serving, or will serve the sentence for that offense is simply irrelevant to the determination of whether that person has committed a violent offense. By focusing on the fact of the violent felony conviction rather than the sentence the inmate happens to be serving, the current regulation closely adheres to the supporters', opponents', and voters' clearly expressed intent to keep "the most dangerous offenders locked up." (Voter Information Guide, Gen. Elec., *supra*, argument in favor of Prop. 57, p. 58.)

Moreover, it makes no sense to grant early parole to inmates with convictions for both nonviolent and violent felonies

13

based on the nonviolent felony conviction, while inmates with only a violent felony conviction are barred from early parole. The nonviolent felony conviction does not alter the character of a concurrent violent felony conviction. The current regulation sees to it that the mixed offense inmate is not inoculated from the consequences of his or her violent felony conviction by consideration for early parole.

In stating the necessity for revision to 15 CCR (2019) section 3490, subdivision (a)(5), the Department recognized the failure of that regulation to address early parole eligibility for inmates with convictions for violent felonies who happened to be serving sentences for nonviolent felonies.[6] But as Proposition 57's ballot materials made clear, the initiative's declared intent was to create a path to early parole only for inmates convicted of nonviolent offenses—violent offenders were expressly precluded from obtaining early release by virtue of their violent felony convictions. (See Voter Information Guide, Gen. Elec., *supra*, argument in favor of Prop. 57, p. 58 & rebuttal to argument against Prop. 57, p. 59.)

---

[6] "Because [mixed offense] inmates have sustained convictions for committing violent offenses, they are violent offenders and are currently excluded from [nonviolent offender parole review process (NVPP)] eligibility. However, existing regulations do not clearly state that these individuals are excluded from NVPP eligibility. Therefore, it is necessary to change existing regulations to clarify that such individuals are not eligible for NVPP consideration." (Cal. Dept. of Corrections and Rehabilitation, Notice of Change to Regulations, NCR No. 21-07, Initial Statement of Reasons & Problem Statement, p. 2, Aug. 6, 2021.)

Our Supreme Court observed, "Proposition 57 directed the Department to 'adopt regulations in furtherance of [the constitutional] provisions,' and to 'certify that these regulations protect and enhance public safety.' (Art. I, § 32(b).)" (*Mohammad, supra,* 12 Cal.5th at p. 538.) As in *Mohammad*, we conclude that in promulgating the current regulation, "[t]he Department's approach is consistent with a reasonable interpretation of the constitutional language and the ballot materials. We cannot say that the Department abused its rulemaking authority in coming to this conclusion." (*Id.* at p. 542.)

*5. Petitioner's claim that Proposition 57 and section 32(a)(1) require early parole consideration for any inmate whose primary offense was a nonviolent felony finds no support in the ballot materials or the expressed intent of the electorate*

Petitioner contends that it was the clear intent of the electorate in approving Proposition 57 (and with it section 32(a)(1)) to "extend early parole consideration to every offender whose primary offense is a nonviolent felony, regardless of his secondary offense/s." We disagree and reject petitioner's unsupported and distorted characterization of the ballot materials and voters' intent.

We first note that petitioner's interpretation of section 32(a)(1) is squarely at odds with our Supreme Court's decision in *Mohammad*, which reversed the Court of Appeal's holding that the only requirement for early parole consideration under Proposition 57 is conviction of a nonviolent felony. (*Mohammad, supra,* 12 Cal.5th at pp. 526–527, citing *In re Mohammad* (2019) 42 Cal.App.5th 719, 726.)

15

Further, nothing in the ballot materials—not the analysis by the Legislative Analyst, not the arguments in support of Proposition 57, and not even the arguments in opposition to the initiative—suggests that Proposition 57 was intended to operate as a "get-out-of-jail-free card" as long as the primary offense was a nonviolent felony. Indeed, the only statement in the ballot materials about the primary offense is that "the full prison term" for that offense must be completed before any inmate may be considered for parole. (Voter Information Guide, Gen. Elec., *supra*, argument in favor of Prop. 57, p. 58.)

Nowhere do the ballot materials specify that as long as the primary offense is a nonviolent felony, parole is available to any inmate upon completion of the prison term for the primary offense. To the contrary, as set forth above, the ballot materials repeatedly stress that Proposition 57 "keeps the most dangerous criminals"—that is, violent felons—"behind bars," Proposition 57 does "not authorize parole for violent offenders," "[v]iolent criminals as defined in Penal Code 667.5(c) are excluded from parole," and "parole eligibility under Prop. 57 applies '*only to prisoners convicted of non-violent felonies*.'" (Voter Information Guide, Gen. Elec., *supra*, argument in favor of Prop. 57, p. 58 & rebuttal to argument against Prop. 57, p. 59.)

Petitioner further asserts that there is "nothing ambiguous about what section 32, subdivision (a)(1) means in this case, and there is accordingly no cause to look beyond the text to ballot materials or other extrinsic evidence of the voters' intent." Again, we disagree. In considering the validity of 15 CCR (2019) section 3490, the immediate predecessor to the current regulation at issue here, *Mohammad* expressly found section 32(1)(a) to be ambiguous as applied to mixed offense inmates. (*Mohammad,*

16

*supra,* 12 Cal.5th at p. 533 ["That there are several plausible interpretations of the constitutional language indicates the meaning of the text is ambiguous"].)

     *6. Conclusion*

     As in *Mohammad*, the language of the constitutional provision does not speak directly to the question here whether an inmate with convictions for violent as well as nonviolent felonies is eligible for early parole consideration under section 32(a)(1), requiring us to review the Proposition 57 ballot materials presented to the voters. Our examination of those materials reveals an intent on the part of the voters to authorize early parole consideration for nonviolent offenders while ensuring that inmates convicted of violent felonies do not receive such consideration. In fulfilling its duty to promulgate regulations pursuant to California Constitution, article I, section 32, subdivision (b), the Department determined that inmates convicted of and sentenced for a violent felony are not eligible for early parole consideration. (15 CCR § 3490, subd. (a)(5).) We find the Department's regulation is consistent with and constitutes a reasonable interpretation of the constitutional language and the ballot materials. Accordingly, we find no abuse of the Department's rulemaking authority in promulgating 15 CCR (2022) section 3490, subdivision (a)(5).

**DISPOSITION**

The petition for a writ of habeas corpus is denied.

CERTIFIED FOR PUBLICATION.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.